UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER OWENS, <br> Plaintiff, <br> v. <br> MENLO PARK POLICE DEPARTMENT, et al., <br> Defendants. | Case No. 18-cv-06636-JD <br><br> **ORDER REOPENING CASE AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 11 |

Plaintiff, a former detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This case was dismissed without prejudice on February 13, 2019, prior to the screening of the complaint, because mail sent to plaintiff was returned as undeliverable and plaintiff failed to update the Court with a current address. Plaintiff who was homeless at that time has now updated his address and seeks to reopen the case. The case is reopened, and the Court will review the complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that a Menlo Park police officer assaulted him. He seeks money damages. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

Plaintiff states that the defendant police officer illegally assaulted him between June 14 and June 21, 2016. The allegations in this action are similar to a prior complaint filed by plaintiff that was also dismissed without prejudice when mail was returned as undeliverable and plaintiff

failed to update the Court with a current address. *See Owens v. Menlo Park Police Dept.*, Case No. 16-cv-5380 JD. In Case No. 16-5380, the Court noted that plaintiff pled guilty on June 22, 2016, and it was not clear if the plea related to allegations in the complaint or if the conviction had been reversed or expunged for plaintiff to obtain money damages.

The complaint is dismissed with leave to amend for plaintiff to provide more information. Plaintiff should provide details of the assault, how defendant violated his constitutional rights and if his conviction was related to the assault. Plaintiff should also indicate if he was in custody when the assault occurred and if defendant was a police officer or a deputy at the county jail. Exhibits from Case No. 16-5380 indicate that plaintiff was in custody during the dates plaintiff states the assault occurred. It is unclear if the incident was related to an arrest or occurred while in jail.

Plaintiff also presents many allegations against Court staff for failing to send him paperwork in many of his cases. A review of plaintiff's various cases indicates that he failed to update the Court with his address on multiple occasions. These allegations are meritless and are dismissed with prejudice.

**CONCLUSION**

1. Plaintiff's request to continue with this case is granted and the case is **REOPENED**. Plaintiff's motion to proceed in forma pauperis (Docket No. 11) is **GRANTED**.

2. The complaint is **DISMISSED** with leave to amend. An amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 30, 2021

JAMES DONATO
United States District Judge